UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RAYMOND ARNOLD LONGWORTH, | ) | CASE NO. 3:05 CV 7322 |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| REGINALD WILKINSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On August 2, 2005, plaintiff pro se Raymond Arnold Longworth filed the above-captioned action under 42 U.S.C. § 1983 against Ohio Department of Rehabilitation and Correction ("ODRC") Director Reginald Wilkinson, North Central Correctional Institution ("NCCI")Warden John Morgan, NCCI Unit Supervisor Brian P. Byorth, NCCI Records Supervisor L.M. Walker-Williams, and NCCI Records Office Assistant Nellie Haugh. In the complaint, plaintiff alleges the defendants denied him the right to a speedy trial. He seeks monetary damages.

*Background*

Mr. Longworth was indicted on charges of Gross Sexual Imposition on April 13, 2000. At that time, he was already serving a term of incarceration on an unrelated conviction. Mr. Longworth was served at NCCI with a warrant on the indictment and a detainer on September 12, 2000. He claims he was asked to sign the detainer to acknowledge service and noticed that he had been indicted five months earlier. He asserts that the failure to serve him with the detainer at an earlier date denied him the right to a speedy trial. Mr. Longworth was convicted by a jury on December 28, 2000. He was sentenced on January 3, 2001 to a term of incarceration of 5 years.

*Analysis*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

A prisoner may not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. See Edwards v. Balisok, 520 U.S. 641, 646 (1997); Heck v. Humphrey, 512 U.S. 477, 486 (1994). The holding in Heck applies whether plaintiff seeks injunctive, declaratory or monetary relief. Wilson v. Kinkela, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998). Mr. Longworth raises a claim which, if found to have merit, would call into question the validity of his conviction. As such, he must also allege his conviction was declared invalid by either an Ohio state court or a federal habeas corpus decision. He has not done so and his claim therefore must be dismissed.

Moreover, even if his claim did not constitute an impermissible collateral attack on his conviction, Mr. Longworth could not proceed with this civil rights action. Ohio's two year

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

statute of limitations for bodily injury applies to claims asserted under 42 U.S.C. §1983 . LRL Properties v. Portage Metro Housing Authority, 55 F. 3d 1097 (6th Cir. 1995). The incidents alleged in the complaint took place between April 2000 and January 2001. This action was filed in August 2005, well beyond the expiration of the two-year statute of limitations period. There would be no purpose in allowing this matter to go forward in view of the fact that it is clearly time-barred. See Fraley v. Ohio Gallia County, No. 97-3564, 1998 WL 789385, at **1 (6th Cir., Oct. 30, 1998)(affirming sua sponte dismissal of pro se §1983 action filed after two year statute of limitations for bringing such an action had expired).

### *Conclusion*

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

S/ JAMES G. CARR
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.